IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA BOURGEOIS, ) | |
| ) | |
| Petitioner, ) | Case No. CV 05-219-S-MHW |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **and ORDER** |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Currently before the Court for its consideration is the Petitioner's request for judicial review (docket # 1) of the Respondent's denial of social security disability benefits, filed May 31, 2005. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the petition for review and the answer, the parties' memorandums, and the administrative record, and submits its Memorandum Decision as follows.

# I.
# Background.

## A.    Administrative Proceedings.

Petitioner Brenda Bourgeois filed applications for a period of disability, disability insurance benefits, and supplemental security income on March 25, 2002.[1] (AR 83-86.) She alleged disability since April 1, 1999. (AR 83.) The applications were denied initially on September 25, 2002 (AR 47-51), and upon reconsideration on January 8, 2003 (AR 54-58). After a timely request for a hearing was filed on September 5, 2003, Petitioner, represented by counselor Laura Z. O'Connell, appeared and testified before Administrative Law Judge John C. Arkoosh on May 24, 2004. Anne Aastum testified as a vocational expert. Dr. Tom Atkin testified as a medical expert. (AR 519-83.)

ALJ John C. Arkoosh considered the testimony and all other evidence of record, and on September 17, 2004, issued a decision finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to disability insurance benefits or supplemental security income. (AR 12-27.) This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on March 26, 2005. (AR 6-9.) 20 C.F.R. §§ 404.981, 416.1481 (1991). Petitioner has exhausted all administrative remedies and is therefore seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## B.    Statement of Facts.

---

[1]    This is Petitioner's third application for Supplemental Security Income. She previously made applications on March 22, 2001 (AR 77-81), and August 9, 1999 (AR 72-75), both of which were denied.

At the time of the hearing before the ALJ, Petitioner was 47 years old. (AR 527.) Petitioner testified that she has a high school education plus one semester of college. (AR 529-30.) Petitioner's prior work experience consisted of mainly doing bookkeeping and accounting work. (AR 530.) Petitioner alleged disability since April, 1999, due to a combination of impairments consisting of type II diabetes, fibromyalgia, chronic pain syndrome, sleep apnea, carpal tunnel syndrome, and irritable bowel syndrome. (AR 524.)

## II.
## Findings of the Administrative Law Judge.

In the decision issued following the hearing (AR 15-27), the ALJ made specific findings as follows:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has medically determinable severe impairments of degenerative disc disease, bilateral degenerative joint disease of the knees, irritable bowel syndrome, carpal tunnel syndrome, fibromyalgia, hepatitis C, diabetes mellitus, an obstructive sleep apnea syndrome, obesity, a bipolar disorder by history, and a personality disorder not otherwise specified.

3. These medically determinable impairments, either singly or in combination, do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant's allegations of disability are not fully credible.

5. The claimant has [the] residual functional capacity to lift and carry up to 15 pounds occasionally and up to 10 pounds frequently. She can sit for six hours of an eight-hour workday, and stand and walk for six hours of an eight-hour workday with normal breaks. She can frequently climb ramps or stairs or balance and occasionally climb ladders, stoop, kneel, crouch or crawl. She can frequently handle or finger and she is unlimited in her ability to reach or feel. She should avoid concentrated exposure to vibration or hazards.

> The claimant's affective and personality disorders do not pose more than a slight limitation on her ability to perform the mental demands of competitive work in terms of understanding, remembering and carrying out instructions, and responding appropriately to supervision, coworkers, and work pressures.

6. The claimant's past relevant work as accounting clerk and bookkeeper do not require the performance of work-related activities precluded by her residual functional capacity.

7. The claimant's impairments do not prevent her from performing her past relevant work.

8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision.

(AR 26-27.)

### III.
### Standard of Review.

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C.   § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal

error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).

  The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); and *Flaten v. Secy of HHS,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

  In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled

**Memorandum Decision and Order - Page 5**

role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits. 20 C.F.R. §§ 404.1520, 416.920 (1996); *Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. If the claimant is engaged in such activity, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). The ALJ determined that the Petitioner was not involved in any substantial gainful activity. (AR 16.)

Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1); and 416.929(d)(1). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied. The ALJ here found that Petitioner suffers from multiple impairments including degenerative disc disease, bilateral degenerative joint disease of the knees, irritable bowel syndrome, carpal tunnel syndrome, fibromyalgia, hepatitis C, diabetes mellitus, an obstructive sleep apnea, obesity, a bipolar disorder by history, and a personality disorder not otherwise specified. (AR 16.) Petitioner's impairments are numerous and were determined to significantly limit her ability to engage in basic work activities and therefore do constitute severe impairments. (AR 21.)

**Memorandum Decision and Order - Page 6**

If the impairment is severe, the Commissioner proceeds to the third step of the evaluation process to determine whether the claimant has an impairment which meets or equals those contained in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4.  20 C.F.R. §§ 404.1520(d); 416.920(e).  Appendix 1 contains a list of impairments which would prevent a person from engaging in substantial gainful employment.  If a claimant can show he or she is limited by such an impairment, disability is presumed.   The ALJ here determined that Petitioner did not possess the findings upon examination which are required in order for disability to be predicated on medical considerations alone, and that Petitioner's impairments did not meet or equal the severity of any listing for disorders or impairments.  (AR 21.)

If the impairment is not one that is presumed to be disabling, then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e. whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work.  If the claimant is able to perform past work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In this case, the ALJ found that the Petitioner was able to perform her past relevant work as an accounting clerk and bookkeeper.  Therefore, the ALJ did not proceed to the fifth step in the sequential process.

## IV.
## Issues Raised.

The primary issue before the Court is whether the final decision of the Secretary is supported by substantial evidence and whether it is based on proper legal standards.  *Matney ex*

**Memorandum Decision and Order - Page 7**

*rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992).  Petitioner contends that the ALJ erred in the following respects:

> 1) In finding that the Petitioner could perform a limited range of sedentary work, including her past relevant work, the ALJ erroneously ruled that she can frequently handle and finger and is unlimited in her ability to reach and feel.
>
> 2) The ALJ erred in finding that the Petitioner lacked credibility.

The Court will take each argument in order.

**1.    The ALJ's evaluation of Petitioner's carpal tunnel syndrome.**

Petitioner argues that the ALJ did not take into account the limitations of Petitioner's carpal tunnel syndrome in making the finding that she can "frequently handle and finger and is unlimited in her ability to reach or feel."  According to Petitioner, the medical evidence demonstrates that she suffers from carpal tunnel in both hands and that it erodes her fine motor coordination and manual dexterity and thus interferes with her ability to perform her past relevant work as a bookkeeper or accounting clerk.  At the hearing, the vocational expert testified that if the Petitioner did not have the ability to perform fine manipulation tasks with both hands, then it would rule out work.  (AR 576.)  The record was held open after the hearing, and the report of Dr. Blake Johnson was submitted who performed surgery to relieve her carpal tunnel syndrome in her right hand.  (AR 510-14.)  The evidence contained in Dr. Johnson's medical records indicate that the surgery was successful and that the Petitioner's carpal tunnel symptoms were improved from the surgery.  Therefore, there is no support in the record for the Petitioner's argument that the ALJ failed to take into account the carpal tunnel syndrome or that the ALJ's finding is unsupported in the record by clear and convincing evidence.

**Memorandum Decision and Order - Page 8**

Accordingly, the Court finds that the ALJ's and the Appeals Council's decision in this regard is supported by substantial evidence and that the decision should not be reversed.

**2.      The ALJ's evaluation of Petitioner's credibility.**

Petitioner argues that the ALJ did not properly take into account the amount of chronic pain that Petitioner has in finding this and other allegations of disability not to be credible. (AR 23.) Courts have consistently held that the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See: Meanel v. Apfel,* 172 F.3d at 1113; and *Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir. 1995). A claimant may not rely upon mere allegations of pain to meet her burden of proof, but must substantiate such allegations with objective medical findings which could reasonably be expected to produce the alleged pain or other symptoms. *See:* 42 U.S.C. § § 423(d)(5)(A) and 1382c(3)(H). The effect of pain can be assessed within an individual's functional capacity and then an ALJ may evaluate the credibility of a claimant's statements about the pain. *Id.* Although a claimant may produce objective medical evidence of an underlying impairment, an ALJ may nonetheless reject the claimant's testimony about the severity of the pain if he can state specific, clear, and convincing reasons for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1281-1282 (9th Cir. 1996). An ALJ is not required to believe every allegation of disabling pain because it would be contrary to 42 U.S.C. § 423(d)(5)(A), and while many medical conditions produce pain it is not always severe enough to preclude gainful employment. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

In this instance, the ALJ summarized the evidence of record and noted that, at the time of the hearing, the Petitioner had "not demonstrated the motivation to work in the past 10 to 12 years, nor has she tried to further her education or follow up with Vocational Rehabilitation to

help develop her skills and job potential." (AR 23.) The ALJ found the Petitioner's claim of an inability to work to not be credible because the complaints and limitations were not supported by medical evidence or Petitioner's self-reports of the types of daily activities she engages in, such as her volunteer work at church, caring for her children, walking, and exercise, as well as other activities. (AR 24-25.) The ALJ relies on both subjective and objective evidence in concluding that Petitioner's testimony is not credible. The ALJ noted that the Petitioner's medical records document that the Petitioner has experienced improvements in her conditions and that she has relatively good control of her fibromyalgia, depression, and chronic pain with medication, diet, and exercise. (AR 23.) Further, the ALJ notes that she does not have ongoing problems with her diabetes or irritable bowel syndrome because these are also controlled with medication. (AR 24.) The reasons stated by the ALJ in reaching his conclusion are found to be clear and convincing. Therefore, the Court finds that there is substantial evidence in the record to support the ALJ's decision to not find the Plaintiff's testimony in this regard to be credible.

## V.
## Conclusion.

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act should be affirmed.

\\\
\\\
\\\

**Memorandum Decision and Order - Page 10**

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be AFFIRMED and that the petition for review be dismissed.

DATED: **September 30, 2006.**

Honorable Mikel H. Williams
United States Magistrate Judge